# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| NEVEN EYEWEAR, LLC, a Florida limited liability company<br><br>    Plaintiff,<br><br>v.<br><br>NEVEN EYEWEAR, LLC, a Nevada limited liability company; 37 VENTURES, LLC, a Nevada limited liability company; LE VENTURES, LLC, a California limited liability company; and Khoi Le, an individual residing in Nevada,<br><br>    Defendants. | Civil Action No. 6:24-cv-01204<br><br>**DEMAND FOR A JURY TRIAL** |

## COMPLAINT

### NATURE OF THE CASE

This is a complaint for declaratory judgment, cancellation of an invalid trademark registration, fraud in the procurement of a trademark registration, unfair competition, and tortious interference with business relationships under federal and Florida law. Jonathan Strauss founded Neven Eyewear, LLC ("Neven Eyewear" or "Plaintiff"), which has been supplying quality, affordable eyewear to consumers under its brand NEVEN since 2020. In 2021, Plaintiff engaged Defendant Khoi Le and his company Defendant Le Ventures LLC ("Le Ventures" and, together with Defendant Le, the "Le Defendants") as independent contractors to provide programming services. After repeated performance failures and other issues, Plaintiff ceased contracting work to the Le Defendants in early March 2024. Disgruntled by the cessation of the relationship, Defendant Le orchestrated

1

the series of extrajudicial and unlawful attacks on Plaintiff's business that give rise to this Complaint. The Le Defendants and 37 Ventures, LLC secretly established an LLC in Nevada, a shell company with no eyewear business bearing an identical name: Neven Eyewear, LLC, a Nevada limited liability company (the "Defendant LLC"). Without approval from Plaintiff, Defendant Le submitted an application to register a NEVEN EYEWEAR trademark on behalf of the Defendant LLC and, to secure said application, submitted a specimen fraudulently representing Plaintiff's use of Plaintiff's NEVEN EYEWEAR and related marks on Plaintiff's website as evidence of Defendants' own. In the weeks since Plaintiff severed the relationship with the Le Defendants, Defendants have misrepresented themselves as the owners of Neven Eyewear to customers and vendors, including an effort to hijack Plaintiff's Shopify account. When their planned takeover of Plaintiff's e-commerce business was unsuccessful, Defendants' objective shifted to social media takedown. Defendants leveraged their fraudulently obtained trademark registration to petition Shopify to takedown Plaintiff's online storefront and to cause Meta to remove and disable all of Plaintiff's Facebook and Instagram advertisements and accounts. Defendants also threatened to sue Plaintiff for, among other claims, infringement of their invalid, void mark. By engaging in the conduct described herein, Defendants violated, and unless restrained and enjoined, will continue to violate federal and Florida law, causing damage and irreparable harm to Plaintiff. Accordingly, Plaintiff, for its Complaint against Defendants, alleges as follows:

## THE PARTIES

1.      Plaintiff Neven Eyewear is a limited liability company organized and existing under the laws of the State of Florida, with a principal place of business at 822 Silver Palm Ave, Melbourne, Florida 32901.

2. On information and belief, Defendant Neven Eyewear, LLC is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 5940 S. Rainbow Blvd. Ste. 400 # 84085, Las Vegas, Nevada 89118.

3. On information and belief, Defendant 37 Ventures, LLC ("37 Ventures") is a limited liability company organized and existing under the laws of the State of Nevada, with its principal place of business at 1810 E. Sahara Ave, Ste 215, Las Vegas, Nevada 89104. On information and belief, 37 Ventures is the managing member and responsible for directing the activities of Defendant LLC. On information and belief, 37 Ventures formed and directs the activities of the Defendant LLC. Defendant 37 Ventures has control over the Defendant LLC.

4. On information and belief, Defendant Le Ventures is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 8605 Santa Monica Blvd #84045, Los Angeles, California 90069. On information and belief, Le Ventures is the managing member and responsible for directing the activities of Defendant 37 Ventures. On information and belief, Defendant Le Ventures formed and directs the activities of 37 Ventures and the Defendant LLC. Defendant Le Ventures has control over 37 Ventures and the Defendant LLC.

5. On information and belief, Defendant Le is a resident of the State of Nevada. On information and belief, he formed, is the manager of, and directs the activities of Defendant Le Ventures. On information and belief, Defendant Le formed 37 Ventures on August 2, 2021, and directs the activities of 37 Ventures and the Defendant LLC. He has control over Le Ventures, 37 Ventures, and the Defendant LLC. Defendant Le signed the Defendant LLC's U.S. Trademark Application Ser No. 97034147 for registration of the

mark NEVEN EYEWEAR that is identical to, and relies on a specimen showing Plaintiff's use of, Plaintiff's senior NEVEN EYEWEAR mark.

## JURISDICTION AND VENUE

6. This is a civil action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202, cancellation of a federally registered trademark under 15 U.S.C. § 1119, and fraud in the procurement of a federal trademark in violation of 15 U.S.C. § 1120. The Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

7. Plaintiff also alleges violations of Florida statutory and common law that are part of the same case or controversy as those claims arising under Plaintiff's federal claims. The Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. This Court has personal jurisdiction because Defendants have sent correspondence into this judicial district addressed to Plaintiff threatening to sue Plaintiff for infringement among other claims. Defendants also have extensive contacts with the State of Florida and have operated, conducted, engaged in, and carried on a business in the State of Florida. Defendant Le Ventures established an office in the State of Florida and employed residents of Florida who performed contracting work for Neven in Florida, as directed by Defendant Le. Defendants have also purposefully directed its attempts to interfere with Plaintiff's business and lawful use of its trademarks by petitioning to take over and take down Plaintiff's online storefront and disable and remove Plaintiff's online advertising and social media accounts. Personal jurisdiction over Defendants is further conferred in that the damages to Plaintiff's interests were and are occurring in Plaintiff's home state, the State of Florida.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391, because Defendants have extensive contacts with, and conduct business within, the State of Florida and this judicial district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

### Plaintiff Neven Eyewear's NEVEN brand

10. Neven Eyewear markets and sells quality, stylish eyewear to consumers at an affordable price under its NEVEN brand. Since its founding in 2020, Neven Eyewear has invested significant time, effort, and money in advertising and selling its eyewear and related products under its family of NEVEN marks, including the name NEVEN EYEWEAR. As a result of these efforts, Neven Eyewear has become well known in the eyewear industry, earning recognition and goodwill among consumers in the online marketplace and on social media, and its brand has been a tremendous success.

11. Through its online store hosted by e-commerce vendor Shopify at the domain [www.neveneyewear.com](www.neveneyewear.com), Neven Eyewear receives approximately 7,000 orders for its products per week. Neven Eyewear also promotes its products through its social media accounts on platforms hosted by Meta, including Facebook and Instagram, where Neven Eyewear has over 130,000 followers. Through its Facebook account, Neven Eyewear engages with approximately 20 million people per month. Neven Eyewear dedicates considerable expense to advertising through Meta platforms, which account for approximately 95% of Neven Eyewear's marketing.

12. Neven Eyewear operates out of Melbourne, Florida, where it has 18 employees. Neven Eyewear ships its products to customers out of its facility in Melbourne.

**Neven Eyewear's Formation and Marks**

13. Neven Eyewear began as Tribe Eyewear, a Florida limited liability company, which was founded by Mr. Strauss, along with a colleague, John Muller, on December 16, 2019.

14. On May 1, 2020, following a decision to rename the company's eyewear brand to Neven Eyewear, Mr. Strauss submitted an application (Ser. No. 88897585), on behalf of Tribe Eyewear, to register the trademark N≈V≈N (the "NEVEN and Design Mark") with the United States Patent and Trademark Office ("USPTO") in International Classes 009 and 025 for use in connection with eyewear, namely sunglasses and eyeglasses, among other goods.

15. Plaintiff Neven Eyewear was formed by Mr. Strauss, along with Mr. Muller, on August 24, 2020. Mr. Muller has since left the company, and Mr. Strauss is now the sole owner and Chief Executive Officer of Neven Eyewear.

16. Neven Eyewear has been selling eyewear and related products and services using its NEVEN and NEVEN EYEWEAR marks continuously since 2020.

17. On April 20, 2021, the USPTO issued a certificate of registration for Plaintiff's Neven and Design Mark, U.S. Reg. No. 6330350 (the "'350 Registration"). A copy of the '350 Registration is attached here to as **Exhibit 1.**

18. Before the company was formally dissolved, Tribe Eyewear assigned all rights, title, and interest in and to the Neven and Design Mark and the '350 Registration to Neven Eyewear on September 21, 2021. The Trademark Assignment, as recorded with the USPTO, is attached hereto as **Exhibit 2.** As a result, Neven Eyewear owns the Neven and Design Mark and the '350 Registration.

19. Neven Eyewear is also the owner of pending U.S. Trademark Application Ser. No. 98528994 for the mark NEVEN EYEWEAR in International Classes 009, 016, 025, and 035 for use in connection with eyewear, glasses, and sunglasses, among other goods and services (the "'994 Application"). Neven Eyewear owns numerous other pending trademark applications, which in addition to the '350 Registration and the '994 Application are identified in **Exhibit 3**.

### Contracting Relationship With the Le Defendants

20. In 2021, Neven Eyewear engaged Defendant Le Ventures as an independent contractor to perform programming services for Neven Eyewear's NEVEN brand.

21. During this engagement, Le Ventures contractors worked directly with and reported to Mr. Strauss, the CEO of Neven Eyewear.

22. At no point in time did Defendants Le, Le Ventures, or any related entity ever have any membership interest or ownership of Neven Eyewear.

23. In and around 2023, Plaintiff was paying the Le Defendants approximately $24,000 per month for contracting services. For a period of time, Plaintiff also helped to pay Le Ventures' payroll. Since 2023, Plaintiff has made payments to the Le Defendants totaling approximately $750,000 for services rendered.

24. In early March 2024, Neven Eyewear stopped contracting work to the Le Defendants and severed all relationships with Defendant Le, in part, because Le Ventures contractors were providing subpar work and failing to perform contracted tasks in a timely manner, resulting in wasteful spending and lost revenue.

25. Neven Eyewear also severed the relationship with the Le Defendants because it discovered that Defendant Le had fraudulently charged thousands of dollars to an American Express card provided to him by Neven Eyewear for the purpose of

7

contracting expenses. Defendant Le used Neven Eyewear's credit card to book flights and hotels, purchase domain names, computer repair services, and software, and even funded a visit to a strip club, all charges wholly unrelated to the Le Defendant's contracting work for Neven Eyewear.

### Surreptitious Creation of the Defendant LLC

26. Plaintiff discovered that the Le Defendants, through Defendant 37 Ventures (a shell company they manage and control), had secretly established an LLC in Nevada (the Defendant LLC), on October 13, 2021, bearing an identical name: Neven Eyewear, LLC. Record of the Defendant LLC's registration with the State of Nevada is attached hereto as **Exhibit 4**.

27. Upon information and belief, the Defendant LLC does not have any eyewear business, sell any goods or services, or own, operate, or maintain any website or social media accounts in connection with any eyewear business.

28. On information and belief, the Defendant LLC was formed so that Defendants could masquerade as or falsely represent themselves as associated with Neven Eyewear.

29. The Defendant LLC has no formal association with Mr. Strauss or Neven Eyewear's business or identity.

### Defendants' Fraud on the USPTO

30. Unbeknownst to Plaintiff, Defendant Le had signed and submitted, on behalf of the Defendant LLC, an application (Ser No. 97034147) to register the mark NEVEN EYEWEAR for use in connection with eyewear, namely eyeglasses and sunglasses, among other goods. A copy of the application signed by Defendant Le is attached hereto as **Exhibit 5**.

31. On the filing date, Defendants had actual knowledge of Neven Eyewear's ownership of Plaintiff's NEVEN formative marks, including Plaintiff's Neven and Design Mark and NEVEN EYEWEAR.

32. When Defendant Le signed this application, he falsely declared under oath that, to the best of the Defendant LLC's knowledge, no other party had rights in the applied-for mark or a mark confusingly similar thereto, when in fact Defendants knew that Neven Eyewear had prior rights in the NEVEN EYEWEAR name and the Neven and Design Mark.

33. Defendants filed the trademark application under Section 1(a) of the Lanham Act, 15 U.S.C. § 1051. Accordingly, as part of the trademark application process, the Defendant LLC was required to submit a specimen demonstrating its use of the applied-for NEVEN EYEWEAR mark.

34. The specimen that Defendants submitted in connection with this application (Ser No. 97034147) was a screenshot of *Plaintiff's* website, showing *Plaintiff's* use of *Plaintiff's* NEVEN formative marks, including Plaintiff's Neven and Design Mark and NEVEN EYEWEAR. A copy of the specimen submitted by Defendants in support of their application to register NEVEN EYEWEAR, taken from a webpage of Plaintiff's neveneyewear.com website, is included in Exhibit 5 attached hereto.

35. On the filing date, Defendants knew that the website submitted as the required specimen of use was Neven Eyewear's website and not a use by any Defendant.

36. Neven Eyewear never authorized any Defendant to register or apply to register any marks using or incorporating Neven Eyewear's name or marks or relying on any materials from its website. At no time have any trademark rights in any of Neven Eyewear's marks been assigned to any Defendant. Defendants have no basis to claim any

ownership of Neven Eyewear's website or rights to Neven Eyewear's marks or any mark containing or confusingly similar with Neven Eyewear's marks. Nevertheless, the Defendant LLC registered the trademark NEVEN EYEWEAR, which it did and does not own, and misappropriated and misrepresented Neven Eyewear's use of Neven Eyewear's marks as its own.

37. Defendants' declarations in the application were false, made knowingly and with the intent to deceive the USPTO for the purpose of obtaining a trademark registration for the NEVEN EYEWEAR mark.

38. The USPTO accepted Defendants' declarations and issued a certificate of registration of the NEVEN EYEWEAR mark (U.S. Reg. No. 6883673 (the "'673 Registration")) to the Defendant LLC on October 25, 2022. A copy of the registration is attached hereto as **Exhibit 6**.

39. The '673 Registration is invalid and void *ab initio*, because the Defendant LLC did not own the NEVEN EYEWEAR mark as of the filing date of the application or anytime thereafter.

40. The Defendant LLC's registered mark is confusingly similar to Neven Eyewear's Neven and Design Mark and NEVEN formative marks, including NEVEN EYEWEAR. In fact, the NEVEN portion of both parties' marks is identical, and the EYEWEAR portion of the Defendant LLC's mark has been disclaimed. (*See* Exhibits 5 and 6.) The parties' marks are used or registered on identical goods. Consumers exposed to Defendant LLC's NEVEN EYEWEAR mark are likely to believe that Defendants' goods are from the same source as Neven Eyewear, or are sponsored, affiliate, or endorsed by Neven Eyewear. Defendants' use of the NEVEN EYEWEAR mark is likely to cause

confusion or cause mistake or deception in the trade, and among purchasers and potential purchasers, with Neven Eyewear's marks, resulting in damage to Plaintiff.

41. Neven Eyewear has priority with respect to the marks NEVEN and NEVEN EYEWEAR for Neven Eyewear's goods by virtue of Neven Eyewear's use in commerce prior to any use, filing, or registration of the Defendant LLC's mark.

42. On information and belief, Defendants have never used the NEVEN EYEWEAR mark in commerce in connection with any of the goods covered by the registration.

43. After discovering that Defendants had fraudulently obtained a NEVEN EYEWEAR trademark by misrepresenting Neven Eyewear's use of the mark in commerce as its own, Neven Florida filed a petition to cancel the trademark on May 21, 2024.

**Defendants' Retaliation Against Plaintiff**

44. In the weeks since Plaintiff severed its relationship with the Le Defendants, Defendants have become increasingly hostile toward Mr. Strauss and Neven Eyewear, carrying out attacks on Plaintiff's e-commerce business and threatening legal action.

45. On May 21, 2024, Defendant Le attempted to hijack Neven's Shopify account and take over Neven's online store. Misrepresenting himself as owner of Neven Eyewear to its vendor Shopify, Defendant Le attempted to change the email address of the contact for Neven Eyewear's Shopify account to an email address only accessible by Defendant Le. This attempt was blocked by Shopify's verification protocols, which demonstrated that Mr. Strauss, and not Defendant Le, was the rightful owner of Neven Eyewear and its online store.

46. On May 21, 2024, Plaintiff received a notice from Shopify that Defendant Le had petitioned to takedown Neven Eyewear's online store on Shopify, asserting that

Neven Eyewear's store infringed the Defendant LLC's '673 Registration. Shopify indicated that it would remove Neven Eyewear's store, unless a response was received by May 23, 2024.

47. Because all of Neven Eyewear's sales are processed through its Shopify account, the monetary and reputational damage to Neven Eyewear resulting from any downtime of its entire e-commerce business, even if only temporarily would be catastrophic. Accordingly, Plaintiff, through counsel, promptly contacted Defendants' California counsel and requested that Defendant Le withdraw the petition. A copy of this correspondence is attached hereto as **Exhibit 7**. Defendants' counsel in California never responded, and the petition was not withdrawn.

48. The same day, May 21, 2024, Plaintiff's counsel submitted their response to Shopify's notice, explaining that Defendants' petition was fraudulent and based on an invalid trademark registration subject to a pending cancellation proceeding. Given Plaintiff's specification of its rights, Shopify terminated Defendants' petition. A copy of Plaintiff's response to Shopify is attached hereto as **Exhibit 8**.

49. On June 4, 2024, Plaintiff's counsel received a letter from Defendants' counsel in Florida baselessly claiming that the Le Defendants are the rightful owners of Neven Eyewear and accusing Neven Eyewear of committing civil theft of NEVEN trademarks, Neven Eyewear's Shopify account, and the neveneyewear.com domain name, among other property. Defendants demanded $30,000,000 and that Plaintiff turn over its Shopify account to Defendants, among other demands. A copy of this letter is attached hereto as **Exhibit 9**.

50. Plaintiff's counsel received a second correspondence from Defendants' Florida counsel, dated May 28, 2024, which again baselessly claims that the Le

Defendants are the rightful owners of Plaintiff's business and intellectual property. Asserting their fraudulently obtained '673 Registration, Defendants demanded that Plaintiff cease and desist use of the NEVEN EYEWEAR mark, the Neven and Design Mark, the name NEVEN, NEVEN, or any variant thereof, and Plaintiff's applied-for trademarks and threatened legal action against Plaintiff. A copy of this letter is attached hereto as **Exhibit 10**.

51. When the above tactics did not succeed, Defendants decided to unfairly attack Neven Eyewear's online advertising and social media platforms. On June 12, 2024, Plaintiff received notice that Defendants, again asserting the invalid, fraudulently obtained '673 Registration, had filed another trademark infringement complaint against Neven Eyewear, this time with its online advertising vendor, Meta. As a result of Defendants' complaint, Meta removed and disabled Neven Florida's Facebook and Instagram advertisements and accounts. Neven Eyewear's accounts remained dark for approximately 24 hours before counsel for Plaintiff was able to prove to Meta that Defendants were relying on fraudulent trademark rights.

52. Defendants' repeatedly leveraging its invalid, fraudulently obtained trademark to threaten Plaintiff with legal action and to attempt to take over and/or take down Plaintiff's business and aspects thereof have caused and, unless enjoined, will continue to cause monetary and reputational harm to Plaintiff.

53. As a result of Defendants' conduct alleged herein, Plaintiff has suffered damages, including loss of business, profits, and goodwill.

**FIRST CAUSE OF ACTION**

**(Declaration of Non-Infringement and Invalidity)**

54. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of this Complaint as is fully set forth herein.

55. There is an actual justiciable controversy between the parties as to the alleged infringement of the '673 Registration and the trademark NEVEN EYEWEAR.

56. As a result of Defendants' correspondence (*see* Exhibits 9 and 10), Plaintiff has a well-founded fear that Defendants will initiate litigation asserting claims for infringement of Defendant LLC's rights in the '673 Registration and the trademark NEVEN EYEWEAR.

57. Defendants' allegations that Neven Eyewear infringes the Defendant LLC's rights in the '673 Registration and the trademark NEVEN EYEWEAR are without merit, because Plaintiff has prior rights to the mark and the '673 Registration is invalid as *void abinitio* and procured through fraud on the USPTO.

58. Accordingly, Plaintiff is entitled to a declaratory judgment that it does not and has not infringed the '673 Registration or the trademark NEVEN EYEWEAR and that the '673 Registration is invalid.

## SECOND CAUSE OF ACTION

### (Cancellation of U.S. Trademark Reg. No. 6,883,673)

59. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of this Complaint as is fully set forth herein.

60. Plaintiff is likely to be damaged by Defendants' use of the '673 Registration, use of which is likely to cause confusion with Plaintiff's Neven and Design Mark and other NEVEN formative marks, including NEVEN EYEWEAR.

61. The Defendant LLC did not own the NEVEN EYEWEAR mark on the filing date of the application for the '673 Registration. Accordingly, the '673 Registration is void *ab initio*, pursuant to Section 1 of the Lanham Act, 15 U.S.C. § 1051.

62. In addition, Defendants knowingly made false statements to the USPTO about its ownership and use of the applied-for mark with the intent to deceive the USPTO and to obtain a trademark registration to which it is not entitled.

63. Defendants' application for the '673 Registration contained a sworn declaration in which the Defendant LLC, through Defendant Le, affirmed, among other things, that: (i) the Defendant LLC "is the owner of the trademark/service mark sought to be registered;" and (ii) to the best of the Defendant LLC's "knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

64. Defendants' declaration also contained the following statement:

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

65. On the filing date of the application for the '673 Registration, Defendants had knowledge that Neven Eyewear owned and had prior rights in the Neven and Design Mark and NEVEN formative marks, including NEVEN EYEWEAR. In addition, Defendants knew that the website they submitted as a specimen of their purported use was Plaintiff's website and not a use by Defendants. On information and belief, on the

15

filing date of the application, Defendants had no evidence of their own use of the applied-for mark.

66. Defendants' declarations in obtaining the '673 Registration were fraudulent and knowingly false.

67. Defendants' declarations were material to the USPTO's decision to issue the '673 Registration. The USPTO accepted Defendants' declarations and approved the application underlying the '673 Registration for publication and registration. The USPTO should have refused registration based on Plaintiff's senior marks, but given that, by Defendants' design, Neven Eyewear and the Defendant LLC share the same name, the USPTO may have believed that the senior user and applicant were the same entity.

68. Accordingly, Defendants committed fraud on the USPTO to obtain the '673 Registration, in violation of Section 14 of the Lanham Act, 15 U.S.C. § 1064.

69. Cancellation, under 15 U.S.C. § 1119, of '673 Registration is warranted.

## THIRD CAUSE OF ACTION

## (Fraudulent Trademark Registration – 15 U.S.C. § 1120)

70. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of this Complaint as is fully set forth herein.

71. Defendants' declarations to the USPTO that they owned the NEVEN EYEWEAR trademark and used it in commerce, that they had no knowledge of other persons using any confusingly similar marks, and that they specimen they submitted was theirs were false representations of material fact.

72. Defendants knew that these declarations were false and intended to deceive the USPTO in making them.

73. The USPTO reasonably relied on Defendants' misrepresentations, which pertained to ownership and use—each a prerequisite to the registration Defendants sought under Section 1(a).

74. Plaintiff has suffered damages proximately resulting from such reliance, including damages resulting from Defendants' assertion of the '673 Registration to shut down Plaintiff's online advertising and social media accounts.

75. Accordingly, pursuant to 15 U.S.C. § 1120, Defendants are liable to Plaintiff and Plaintiff is entitled to recover damages for Defendants' fraudulently obtaining the '673 Registration.

## FOURTH CAUSE OF ACTION

### (Unfair Competition – Fla. Stat. § 501.204)

76. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of this Complaint as is fully set forth herein.

77. Defendants engaged in deceptive and unfair practices in violation of Fla. Stat. § 501.24.

78. Defendants misrepresented the source of the use of the specimen submitted in support of the application for the '673 Registration, and falsely suggested that Defendants had and were using the NEVEN EYEWEAR mark in commerce, to the USPTO.

79. Defendants falsely claimed to be owner of Neven Eyewear and the NEVEN EYEWEAR mark to Shopify in attempts to take over and take down Plaintiff's online storefront.

80. Defendants falsely claimed ownership of Neven Eyewear and the NEVEN EYEWEAR mark to Meta.

81. Defendants' deceptive and unfair practices forced Plaintiff to defend itself against baseless, fraudulent complaints, incurring costs and attorneys' fees, and caused Plaintiff's online advertising and social media accounts to be deactivated, resulting in lost sales and goodwill and reputational harm to Plaintiff.

82. Accordingly, Defendants are liable to Plaintiff and Plaintiff is entitled to recover damages pursuant to Fla. Stat. § 501.24.

## FIFTH CAUSE OF ACTION

## (Tortious Interference With a Business Relationship)

83. Plaintiff repeats and realleges the allegations of the foregoing paragraphs of this Complaint as is fully set forth herein.

84. Plaintiff has business relationships with its e-commerce and online advertising vendors, including Shopify and Meta.

85. With knowledge of said relationships, including through Plaintiff's prior engagement of the Le Defendants, Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships with its e-commerce and online advertising vendors by petitioning to terminate such vendors' provision of services to Plaintiff through the submission of baseless, fraudulent complaints.

86. Defendants' interference forced Plaintiff to defend itself against baseless, fraudulent complaints, incurring costs and attorneys' fees, and caused Plaintiff's online advertising and social media accounts to be deactivated, resulting in lost sales and goodwill and reputational harm to Plaintiff.

87. Accordingly, Defendants have engaged in tortious interference with Plaintiff's business relationship in violation of Florida common law, and Plaintiff is entitled to recover damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Neven Eyewear, LLC pray for relief as follows:

a. Issuing a declaration that Plaintiff does not and has not infringed the '673 Registration or the NEVEN EYEWEAR trademark;

b. Issuing a declaration that the '673 Registration is invalid;

c. Issuing an order cancelling the '673 Registration;

d. Permanently enjoining Defendants, and its officers, agents, servants, subcontractors, and employees, and other controlled by Defendants, from asserting the '673 Registration against Plaintiff, and from any further use of the NEVEN EYEWEAR trademark or any confusingly similar variant of those marks that is likely to cause confusion, mistake, or to deceive any third party into believing that there is any affiliation, sponsorship, endorsement, association, or connection between any Plaintiff and/or its products or services and Defendants and/or their products or services, and from otherwise unfairly competing with Plaintiff;

e. Awarding Plaintiff damages for Defendants' fraud in the procurement of a trademark under federal law and unfair competition and tortious interference with business relationships under Florida law;

f. Entering judgment that Plaintiff is the prevailing parties in this action and awarding Plaintiff its reasonable attorney fees, expert fees, and costs and interest on those amounts; and

g. Awarding such other and further relief as the Court may deem justified.

**DEMAND FOR JURY TRIAL**

Neven Eyewear, LLC hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: July 1, 2024 | By: */s/Brian J. Abergel* |
| | BRIAN J. ABERGEL, ESQUIRE |
| | Florida Bar No. 111322 |
| | Peacock, & Abergel, P.L.L.C. |
| | 304 South Harbor City Blvd. Suite 201 |
| | Melbourne, FL 32901 |
| | Phone: (321) 255-5501 || Fax: (321) 255-5224 |
| | Primary email: eFiling@TPAlegal.com |
| | Babergel@TPAlegal.com |
| | molly@TPAlegal.com |
| | |
| | *Co-counsel for Plaintiff Neven Eyewear, LLC* |